THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JAMES D. HANSEN, Defendant-Appellant.

(No. 71-30;

Second District—May 24, 1971.

*Rehearing denied July 20, 1971.*

E. Roger Horsky, Ralph Ruebner, and Morton Zwick, all of Defender Project, of Elgin, for appellant.

William J. Scott, Attorney General, of Springfield, and William R. Ketcham, State's Attorney, of Geneva, (Joel M. Flaum, James B. Zagel, and Robert E. Davison, Assistant Attorneys General, and Ben Morgan, Assistant State's Attorney, of counsel,) for the People.

Mr. PRESIDING JUSTICE THOMAS J. MORAN delivered the opinion of the court:

Defendant was indicted for attempted murder but pled guilty to a lesser included offense of aggravated battery. After a combined hearing on probation, aggravation and mitigation, he was sentenced for a term of 3-9 years in the penitentiary. On appeal to the Supreme Court, the cause was transferred to this court.

Defendant contends that (1) due to incompetency of retained counsel, he was denied his constitutional right to effective assistance of counsel; (2) the trial court erred in not properly apprising him of the nature of the offense and ascertaining whether his plea of guilty was knowingly and voluntarily entered; (3) the trial court erred by receiving improper statements from the prosecutor during his hearing, and (4) the sentence of 3-9 years was excessive when compared to that imposed upon the other co-defendants.

We are of the opinion that defendant's first two contentions were disposed of by the Supreme Court order which read:

"Defendant argues that his retained counsel was incompetent in advising him to plead guilty to a reduced charge. Coupled with this argument the defendant claims that the court erred in accepting his plea of guilty without ascertaining whether it was voluntary. We find from the abstract that the court fully admonished defendant of the consequences of his plea and also asked defendant's father and mother if they understood the court's admonishment and if they were satisfied with the services of defendant's counsel. They replied in the affirmative. A plea of guilty is not involuntary simply because it is made to obtain a reduced sentence. We find that there is no substantial constitutional question presented and on the Court's own motion the cause

is transferred * * *" *People v. Hanson* (sic), No. 43254—Jan. 11, 1971.

The evidence shows that at the time of the crime the defendant was 20 years old, married, but separated; his prior criminal record consisted of a juvenile theft conviction, several traffic violations and a vagrancy charge; he was a Vietnam veteran, received a general discharge from the Army after a period of psychiatric hospitalization, and admitted using LSD, amphetamines, cocaine and marijuana, with some regularity since the age of 16. During the day of the crime, defendant stated that he had taken marijuana, amphetamine and cocaine. He was arrested for contributing to the delinquency of minor girls and claims that, upon his arrest, he consumed "two doses" of LSD to avoid their detection by the police.

Defendant has been incarcerated for only a short time when the crime in question occurred. The victim, a 41 year old mentally deficient man with a withered arm, was placed in the cell (with defendant and 3 other inmates) for safe-keeping until he could be transferred to a mental institution for emergency commitment. Within seconds after the victim's entry, an argument developed. The four prisoners assaulted the victim sexually; they beat him so that his body looked "like a piece of ebony;" his eyes were blackened; he was burned 60 times with live cigarettes, was jumped upon from the highest point in the cell and was then hidden from the deputies in a shower. The man was hospitalized for a week.

Defense counsel arranged for a guilty plea to the lesser offense of aggravated battery, after which defendant applied for probation. At the hearing, the trial judge received the probation officers report which recommended that probation be denied. Defendant, his father, mother, wife, pastor and two probation officers testified at the hearing. The court, stating that he had heard all about defendant but nothing about the victim, asked, "Mr. State's Attorney, what happened to the victim in this case?" The State's Attorney, in a narrative form, and without objection from defendant, described the crime set forth above. No rebuttal evidence was offered in mitigation of the facts of the crime, even though the court asked both defense counsel and the defendant if they had anything further to say.

In *People v. Crews* (1967), 38 Ill.2d 331, 337-338, the court stated:

"Plainly, a judge with the solemn responsibility of determining the punishment of the convicted is to be encouraged to hear and consider all available and pertinent information concerning the person and the crime, so as to enable him to impose a punishment which is appropriate. However, before relying on such information the judge must determine its accuracy [Citations omitted], and he must take care to

shield his mind from what might be the prejudicial effect of unreliable and other improper evidence. [Citations omitted.] If it is shown that the convicted has been prejudiced by the procedure adopted, or material considered by the trial court in conducting its inquiry prior to the imposition of punishment, the resultant penalty will not be allowed to stand."

■■ Here, the only description of the crime was presented by the State's Attorney's narrative; defense counsel did not object to the method of presentation or to its content. Indeed, it is understandable why he did not: the crime was a horrible one. Counsel had arranged for a lesser charge to which defendant, his parents and his pastor had agreed. It was reasonable to conclude that his client would benefit if the facts were presented by the simplest, most rapid, least conspicuous means. We hold that defendant was not prejudiced by either the procedure adopted or by the material considered. *People v. Crews, supra,* 337.

■■ Finally, defendant complains that his sentence is excessive when compared to the sentences imposed upon his codefendants. One who contends that fundamental fairness requires a disparate sentence be reduced has the burden to produce a record from which a rational comparison can be made. (*People v. Haynes* (Ill.App. 1971), 266 N.E.2d 172, 174.) A supplemental record to substantiate defendant's claim was filed, containing the presentence report and judgment order of each of the three co-defendants. In this case, however, the supplemental record served only to confuse the Court. Defendant failed to include the transcripts of the related hearings in aggravation and mitigation; none of the case numbers on the presentence investigation reports of the co-defendants were the same as that of the indictment of the crime at issue and, additionally, the case numbers on two of the sentencing orders do not coincide with either the indictment or the investigation reports.

■■ We, therefore, find that defendant has not carried his burden of presenting a sufficient record for rational comparison of the sentences imposed.

Accordingly, we deny the request that his sentence be modified.

The judgment of the trial court is affirmed.

Judgment affirmed.

SEIDENFELD and GUILD, JJ., concur.